1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA**, **WESTERN DIVISION**

10

11   LEON SHELBY BROWN, JR.,            )   No. EDCV 09-2103-AHM (AGR)
                                         )
12              Petitioner,              )   OPINION AND ORDER ON PETITION
                                         )   FOR WRIT OF HABEAS CORPUS
13        v.                             )
                                         )
14   C. NOLL, Warden, et al.             )
                                         )
15              Respondents.             )
                                         )
16   ─────────────────────────────────

17        On October 20, 2009, Petitioner Leon Shelby Brown, Jr., proceeding pro se, filed

18   a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant

19   to 28 U.S.C. § 2254 in the Southern District of California.  By order filed November 12,

20   2009, the action was transferred to the Central District of California.

21                                    **I.**

22                          **PROCEDURAL HISTORY**

23        Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in  a

24   prior federal habeas corpus action brought by Petitioner: *Leon Shelby Brown, Jr. v. G.J.*

25   *Giurbino*, EDCV 01-785 AHM (JWJ) ("*Brown I*").

26        According to the Petition, a jury in 1998 found Petitioner guilty of second-degree

27   commercial burglary and petty theft with a prior.  (Petition at 1-2; *Brown I*, Report and

28   Recommendation (R&R) at 1.)  The trial court sentenced Petitioner to state prison for 25

years to life.  (Petition at 1; *Brown I*, R&R at 2.)  On September 30, 1999, the California Court of Appeal affirmed the conviction and remanded for resentencing.[1]  (*Id.*)  On December 21, 1999, the California Supreme Court denied the petition for review. (Petition at 2; *Brown I*, R&R at 2.)  On August 29, 2001, the California Supreme Court denied a state habeas petition.  (*Id.* at 2.)

In *Brown I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on October 16, 2001.  (Dkt. No. 1.)  Petitioner challenged his conviction and sentence based on four grounds: (1) trial judge failed to exercise his discretion to strike priors and Petitioner's sentence was cruel and unusual in violation of the Eighth Amendment; (2) application of the Three Strikes law to pre-1994 priors violated the Ex Post Facto Clause; and (3-4) ineffective assistance of trial counsel.  (*Brown 1*, R&R at 2-3.)  On February 18, 2004, this Court entered an Order Adopting Report and Recommendation of United States Magistrate Judge and a Judgment denying the petition with prejudice.  (Dkt. Nos. 29-30.)  On June 14, 2004, Petitioner filed a Notice of Appeal.  (Dkt. No. 32.)  On June 21, 2004, this Court denied Petitioner's request for a certificate of appealability.  (Dkt. No. 34.)  On September 14, 2004, the Ninth Circuit denied Petitioner's request for certificate of appealability.  (Dkt. No. 38.)

On December 26, 2006, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition.  (Dkt. No. 40.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

---

[1]   On remand, the trial court resentenced Petitioner to 25 years to life and struck a one-year enhancement.  (*Brown I*, R&R at 2.)

1    The AEDPA provides, in pertinent part, that: "Before a second or successive

2  application permitted by this section is filed in the district court, the applicant shall move

3  in the appropriate court of appeals for an order authorizing the district court to consider

4  the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to

5  consider a "second or successive" petition absent authorization from the Ninth Circuit.

6  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper

7  v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the

8  district court may not, in the absence of proper authorization from the court of appeals,

9  consider a second or successive habeas application.") (citation omitted and quotation

10  marks omitted).

11    Here, the Petition is a second or successive petition that challenges the same

12  conviction and sentence imposed by the same judgment of the state court as in *Brown

13  I*.  (Petition at 1-2 & Attachment.)  The Petition seeks "to vacate his unauthorized

14  sentence."  (Petition, Attachment at 1.)  Petitioner argues that the trial court should

15  strike a 1989 prior as constitutionally invalid and/or in furtherance of justice.  (*Id.* at 5-7.)

16  The Petition is considered a successive petition because the district court entered

17  judgment and denied the petition on the merits in *Brown I  See Beaty v. Schriro*, 554

18  F.3d 780 (9th Cir.), *cert. denied*, 175 L. Ed. 2d 50 (2009).  The Ninth Circuit has

19  previously denied an application for authorization to file a second or successive petition.

20  (*Brown I*, Dkt. No. 40.)

21    It plainly appears from the face of the Petition that Petitioner has not received

22  authorization from the Ninth Circuit Court of Appeals to file a second or successive

23  petition.  This Court must, therefore, dismiss the Petition as a successive petition for

24  which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3).  *See Burton*, 549 U.S. at 152.

25  ///

26  ///

27  ///

28

1    Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts

2  provides that "[i]f it plainly appears from the face of the petition and any attached

3  exhibits that the petitioner is not entitled to relief in the district court, the judge must

4  dismiss the petition and direct the clerk to notify the petitioner."  Here, summary

5  dismissal is warranted.

6                                                    **<u>ORDER</u>**

7    IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the

8  habeas petition and action for lack of subject matter jurisdiction.

9

10  Date: November 19, 2009

11

12                                                     _____

                                                        A. HOWARD MATZ
13                                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28